*Norman Shattuck,* for plaintiff.

*Rosser & Shaw,* for defendant.

---

### 15073. WISE v. HALL.

STEPHENS, J. Where notes given for a balance of purchase-money due for land were, in a subsequent transaction, taken up by another person, who made a partial payment upon the purchase price and gave his own notes to the vendor for the balance due, in lieu of the original notes, and thus established himself as the purchaser of the land in the place of the original purchaser, and where thereafter, in a suit in equity, the original purchaser, who was the maker of the original notes and retained possession of the land, attacked the transaction in which

the notes were substituted, as being a fraud upon her, and obtained a favorable adjudication therein, establishing her right as purchaser and decreeing that, upon a payment by her, within sixty days, of the unpaid purchase-money due on the original contract with the vendor, a deed conveying the land should be made and delivered to her, she could not, after a failure to thus avail herself of her right to obtain a deed to the land upon a payment by her within sixty days of the amount decreed, retain possession of the land and defend a suit against her by the holder of the title to the land, for the unpaid amount thus decreed as due by her on the purchase-money, upon the ground of the alleged validity of the transaction by which another person was substituted for her as purchaser of the land, and which in her suit had been attacked and decreed to be invalid as against her. While her failure to avail herself of her right, under the decree, to obtain a deed to the land by a payment of the unpaid purchase-money within the period of sixty days perhaps amounted to a waiver by her of her right to purchase the land, her continued possession of the land estopped her from setting up such a waiver in her favor. She could not retain possession of the land and at the same time refuse to pay for it, and, since the amount claimed by the holder of the legal title as due by her on the unpaid purchase money had been determined in a suit to which she was a party, she could not dispute either the amount sued for or her liability therefor. A verdict for the plaintiff was properly directed.     *Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 19, 1924.

Complaint; from Walker superior court—Judge Wright. August 25, 1923.

STATEMENT BY STEPHENS, J.

Missouri Wise bought certain land from T. L. Williams, and gave purchase-money notes therefor and took a bond for title. Subsequently, being unable to meet her payments, she arranged with her brother, Pryor Walker, to come to her assistance. With her consent he gave his own notes to Williams, taking up the notes given by Mrs. Wise. Walker obtained the bond for title from Mrs. Wise, but whether she endorsed a transfer upon it does not appear. Walker, who had made a payment on the purchase price to Williams, transferred his so-called equity in the land to Hall & Evitt and delivered to them the Wise notes. Mrs. Wise, who had retained possession of the land, afterwards brought a bill in equity against Williams, Walker, and Hall & Evitt, in which she alleged that, by the transaction referred to, she had been defrauded out of her right to purchase the land, and she prayed that she be allowed to pay the balance due to Williams and obtain a deed to the land. A decree to this effect was awarded

her, on condition that within sixty days she make certain payments ascertained as due to Williams. She failed to avail herself of this right, and in the meantime Williams made a deed to the land to Hall & Evitt upon their payment to him of the indebtedness represented by the Pryor Walker notes. Hall, as surviving partner, afterwards brought suit against Mrs. Wise upon the notes executed by her, and the suit was defended by her upon the ground that the notes had been paid by the substitution of the Pryor Walker notes and the payment of the latter by Hall & Evitt. A verdict for the plaintiff was directed for the amount which had been decreed as due by Mrs. Hall on the purchase-money as evidenced by her notes, less a small credit, and interest and attorney's fees as provided in the notes, the last item not being disputed. To the direction of this verdict the defendant excepted.

*Norman Shattuck,* for plaintiff in error. *Rosser & Shaw,* contra.